13-4373-cv
*Jones v. City of New York et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fifteen.

PRESENT:
>           ROBERT A. KATZMANN,
>                   *Chief Judge*,
>           PIERRE N. LEVAL,
>           PETER W. HALL,
>                   *Circuit Judges*.

_____

Javier Jones,

>           *Plaintiff-Appellant*,

>   v.                                                               No. 13-4373-cv

City of New York, Police Officer David Rodriguez, Shield # 13333, Police Officer Alvaro Contreras, Shield # 12311, Sergeant Patrick Golden, Shield # 2491,

>           *Defendants-Appellees*,

John Doe and Jane Doe #1-4, Detective Pierce,

>           *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                    Ugochukwu Uzoh, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:** Fay Ng (Pamela Seider Dolgow, on the brief), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff Javier Jones appeals from the district court's grant of summary judgment in his 42 U.S.C. § 1983 action against Defendants-Appellees City of New York, Police Officer David Rodriguez, Police Officer Alvaro Contreras, and Sergeant Patrick Golden. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment must be denied "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 465 (2d Cir. 2001) (internal quotation marks omitted); *see also Fabrikant v. French*, 691 F.3d 193, 215 n.18 (2d Cir. 2012) ("If the evidence submitted with the summary judgment motion fails to meet the movant's burden of production,

2

then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" (internal quotation marks omitted)).

Jones's § 1983 action arises from his arrest in connection with an incident at a liquor store near the intersection of Flatbush and Caton Avenues in Brooklyn, New York, on January 24, 2012. On that date, Raymond Faloye and Latique Gibbs were inside the liquor store when Frantz Machon began a conversation with Gibbs, insisting that he knew her. Machon was present at the liquor store with Owen Welch and another individual alleged to have been Jones. When Gibbs denied knowing Machon, Machon became upset and Faloye told Machon to leave Gibbs alone. Machon then lifted his shirt and revealed what appeared to be a firearm; Faloye called 911.

Rodriguez's first contact with Jones was at the precinct, after Jones had been arrested by another officer for the crime Faloye had reported. Rodriguez, one of the officers who initially responded to Faloye's 911 call, wrote up Jones's arrest report and forwarded the report to the Kings County District Attorney's Office. Rodriguez also informed that Office that Contreras had conducted a show-up at which Faloye and Gibbs identified Jones as being present in the liquor store with Machon and Welch. Contreras made no mention in his deposition of having been involved in such a show-up. Rodriguez executed the criminal complaint, which charged Jones with menacing in the second degree, menacing in the third degree, and harassment in the second degree and asserted that Faloye had identified Jones as one of the men who menaced him.[1] Rodriguez also testified at his deposition that, during his interview with Faloye at the precinct, Faloye told Rodriguez that Jones was standing next to Machon when Machon displayed a firearm. Faloye and Jones were strangers to each other, and Faloye was not shown any photographs of

---

[1] This same assertion was contained in Rodriguez's arrest report, which charged Jones with criminal possession of a weapon in the second degree and menacing in the second degree.

3

Jones at the time. The record also contains no evidence suggesting that Faloye knew Jones's name or was familiar with Jones in any way except for the alleged show-up, the actual occurrence of which is in dispute.

On this record, we find that reasonable minds could differ about whether there was a genuine issue of material fact as to whether Rodriguez had probable cause to further detain Jones and initiate the criminal complaint because Rodriguez did not say where and when Faloye (or Gibbs) identified Jones, and neither side undertook, by further questioning at Rodriguez's deposition (or otherwise), to fill this gap. In our view, the record should be further developed (to the extent possible) before addressing the question of whether a material issue of fact remains. We therefore vacate the grant of summary judgment and remand for the district court to allow additional discovery and submission of further evidence on the basis for Rodriguez's assertion in the criminal complaint that he was informed by Faloye that Jones was present with Machon at the incident in the liquor store, and on Rodriguez's understanding as to where and when Faloye saw Jones so as to identify him (as well as what was the basis for that understanding). Following further development of these issues, the district court is at liberty to entertain a new motion for summary judgment. If the district court reinstates summary judgment, it should explain with specificity the basis upon which it concludes that there is no genuine issue of material fact as to probable cause.

In light of our decision to vacate the grant of summary judgment and remand for additional discovery, we note the potential for further development of the record with respect to Jones's claim for municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Although Rodriguez testified at his deposition that the New York City Police Department does not have an

4

official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, Rodriguez did testify, "That is what we do." J.A. at 181-82. Rodriguez's testimony, therefore, could support a finding of custom or policy under *Monell*. The district court may wish to further explore this issue on remand.

We **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5